THE MAYOR, &c. OF NEW-YORK, *appellants, vs.* SCHER-MERHORN and others, *respondents.*

Where the decree or order appealed from was made before the 1st of July, 1848, when the code of procedure took effect, the right of appeal, the time within which it must be brought, and the form of bringing and prosecuting it, depend upon the law as it stood when the decision was made; but where the decision was after that day, whether in a suit pending on that day, or commenced subsequently. the right of appeal, the time within which it must be taken, and the mode of proce-dure, are regulated by the code.

An interlocutory order was made by the supreme court in equity, and notice thereof served 19th May, 1848. An appeal was taken July 24th, 1840; *held,* that such appeal, being barred by the lapse of fifteen days, according to the statute in force before the code of procedure took effect, was too late.

An order of the supreme court at general term, denying an application for a rehear-
ing, is interlocutory within the meaning of the statute requiring an appeal to be
brought within fifteen days.

*Mr. Taber*, for the respondents, moved to dismiss two ap-
peals. On the 1st of April, 1848, a decree in favor of Scher-
merhorn and others against the corporation was made by the
supreme court in special term. The corporation applied to the
court in general term for a rehearing; the motion was denied,
and notice of the order denying the motion was served on the
19th of May. The corporation appealed from both orders to
this court on the 24th of July.

*Mr. Willard*, for the appellants.

BRONSON, J. No appeal will lie to this court from an order
or decree of the supreme court made at a special term. (*Gracie*
v. *Freeland, ante p.* 228.) And that appeal must therefore
be dismissed.

The order made at the general term denying the motion for
a rehearing was not a final decree; and the appeal should
therefore have been made within fifteen days after notice of the
order. (2 *R. S.* 605, §§ 78, 79.) The time for appealing ex-
pired with the third day of June, and the appeal was not taken
until the 24th day of July. It was then too late.

But we are referred to the code of procedure, which allows
two years for taking an appeal; (§ 279;) and gives this court
jurisdiction to review by appeal every determination " hereafter
made." (§ 11.) And as the order in question was made on
the 19th of May, *after* the code was passed, the appellants in-
sist that they had two years from the date of the order to bring
an appeal. Although the code was passed on the 12th of April,
before the order was made, it did not take effect, excepting a
few sections, until the first day of July following. (§ 391.) It
did not begin to speak until that day; and that was *after* the
order had been made, and after the time allowed for appeal-
ing, by the old law, had expired. The eleventh section says
nothing about such a case; it only speaks of cases where the

determination was made on or after the first of July—the time when the code took effect.

Another argument remains to be noticed. The 279th section of the code, which gives two years for taking an appeal, only applied, as it was originally passed, to actions commenced after the code took effect. (§ 8.) The second section of the supplemental code applies the 279th section, among others, to future proceedings in civil suits pending when the code took effect; and when a judgment, decree or final order in such a suit has been made since that time, or shall be made hereafter, it may be reviewed in the cases, (§ 282,) within the time, (§ 279,) and in the mode, (§ 271,) prescribed by the code. But this suit was not pending on the first day of July, when the code took effect; it had been terminated by a final decree before that time; and there have been no proceedings in the suit since that time to be reviewed.

We are reminded by the counsel for the appellants, that the third subdivision of the second section of the supplemental code speaks of the 279th, and several other sections of the code, as applicable to the review of judgments, decrees and orders "from which no writ of error or appeal shall have been already taken;" and it is inferred from the words quoted that there may be an appeal under the code after the first of July, from a judgment, decree or order made before that time. But there is an incongruity between those words and the general clause of the section; they are irreconcilable, and one or the other must give way. The section took effect at the same time with the code. (Supp. Code, § 18.) The general clause of the section says that certain sections of the code shall apply to *future* proceedings, that is, proceedings *after* the first of July, in suits pending on that day; and it is absurd to speak of reviewing proceedings taken *after* the first of July, "from which no writ of error or appeal shall have been *already* taken;" that is, taken *before* the first of July. As the general clause applies to, and qualifies all of the subdivisions of the section, it is more important than the words quoted from the third subdivision; and those words must, I think, be rejected. After they are out, the whole pro

vision will be congruous; and the third subdivision will still have effect, though its influence will not be so wide as that which the appellants seek to give to it.

On the construction which I have given to these statutes, when the matter was decided before the first of July, the right to a review, the time within which the proceeding must be commenced, and the form of prosecuting it, from beginning to end, all depend upon the old law. The code says nothing on the subject. But when the matter is decided after the first of July, whether the suit was commenced before or after that day, the right to appeal, the time within which the appeal must be taken, and the mode of procedure, all depend upon the code. A different construction might give an appeal after the first of July, in a case where the right of appeal had been lost by the lapse of time before the code took effect, which could not have been intended by the framers of the code.

The code has nothing to do with this case; and as the time for appealing had expired before the appeal was taken, I am of opinion that the motion should be granted.

Motion granted.