MARVIN and others *vs.* SEYMOUR and others.

An appeal will not lie to this court from an order of the supreme court in genera, term, denying an application to rehear an order made at a special term, where the order of the special term would not be the subject of appeal to this court, if it had been affirmed by the general term.

A motion to compel a party to appear before a master and submit to an examination is addressed to the discretion of the court of original jurisdiction, whose decision, therefore, cannot be reviewed in this court.

THE defendants made a motion before the supreme court in special term, for an order to compel one of the complainants to appear and submit to an examination before a master to whom the cause had been referred. The motion was denied. The defendants then applied to the supreme court in general term for a rehearing, which was denied in May last. From the order denying the rehearing the defendants appealed to this court.

*N. Hill, Jr.* for the respondents, moved to dismiss the appeal

*H. Denio,* for the appellants.

BRONSON, J. We held in *Gracie* v. *Freeland,* (*ante, p.* 228,) that a party had a right to a rehearing at the general term, after a matter had been decided against him at the special term; and we have acted upon that decision by reversing orders denying a rehearing. But it has been in cases where the order made at the special term, if it had been confirmed by the general term, might have been reviewed by this court on appeal. In this case we think the order made at the special term would not have been appealable, if it had been confirmed by the supreme court in general term; and in such a case, although a rehearing may be improperly denied by the supreme court, we are of opinion that there can be no appeal from the decision to this court.

Motion granted.