*f00T> —
 

 The bill in this cause was filed by the respondent to foreclose two mortgages executed to him, as trustee, to secure the payment of numerous bonds executed and delivered by the apP8^an^s ^individuals, for money borrowed of them for the purpose of erecting their building in the city of New York, known as the “Merchants’ Exchange.”
 

 The only issue which the appellants raised in their answer, affecting the merits, was on the giving of the bonds and mortgages, and the receipt of the money for which the bonds were issued; and the only objection stated in the answer to the foreclosure, was the want of proper parties — the appellants insisting that all the bond.-holders should be parties, and denying an allegation in the bill that they were too numerous to be made
 
 *511
 
 parties. The facts put in issue by the answer were fully proved, and the respondent was of course entitled to a decree. The cause was transferred, under the statute, to the superior court of the city of New’ York, and that court, on the 20th June 1849, made an, interlocutory decree in favor of the respondent. By that decree, certain matters Avere referred to a referee, who proceeded to examine them, and made his report thereon. After it was made, and in February 1850, the appellants applied by petition, to the superior court, for a rehearing, and for leave to file exceptions to the report of the referee, the time for that purpose having expired, without any having been filed. An opposing affidavit and papers were presented, and the court, after hearing counsel for the respective parties, denied the motion, on the 16th of February 1850. A final decree was made in favor of the respondents, in March followfing, and from that decree an appeal is taken to this court.
 

 We are first asked to review the order denying the appellants’ motion for a rehearing, and for leave to file exceptions to the report of the referee. The denial of leave to file exceptions is clearly a matter of discretion, and by several decisions of this court, made on the law as it stood before the passage of the amended code of 1851, is not the subject of an appeal.
 
 (Wakeman
 
 v.
 
 Price,
 
 3 N. Y. 334, and cases there cited.) Nor does it fall within the 2d subdivision of § 11 of the code of 1851, which was then first enacted, for the code only applies to “ every actual determination thereafter made.”
 
 (Mayor of *New York
 
 v.
 
 Schermerhorn,
 
 1 N. Y. 423;
 
 Selden
 
 v.
 
 Vermilya,
 
 Id. 534.)
 

 In respect to a refusal of the rehearing, it is sufficient to observe, that the application was to rehear an interlocutory order, from which no appeal lay to this court; certainly, not on such an order, made before the amended code of 1851 was passed, and probably, not one made since; and this court has decided that an appeal does
 
 *512
 
 not lie to it from an order refusing the rehearing of an unappealable order.
 
 (Marvin
 
 v.
 
 Seymour,
 
 1 N. Y. 535.)
 

 We are, secondly, asked to decide, that the trust to the respondent is void, because it is a trust of real estate, and not permitted by our statutes. (1 R. S. 728, § 55.) The mortgages in question contain the usual provisions of such instruments, and each of them a trust clause, as follows: “ in trust, nevertheless, to and for the use, benefit, security, protection and indemnity of the respective holders of the said bonds.” It has often been decided by the courts of this state, and is perfectly well settled, that a mortgage is a lien upon, and not a title in or-to lands — is a mere security for a debt — and that tho interest of the mortgagee is a chattel interest, and with the debt which it secures, passes, on the death of the mortgagee, to his personal representatives, as does his other personal property; while the title to the land remains in the mortgagor, and on his death descends to his heirs-at-law. Our statute, therefore, regulating trusts in real property, has no application to a security by mortgage. The objection to the validity of the mortgages, on this ground, is probably an after-thought, for the answer does not even allude to it. We do not, however, place our decision on this omission in the answer, but on the validity of the trusts contained in the mortgages.
 

 Our attention was directed, on the argument, to various other minor objections to the decree, but they do not appear to require particular notice.
 

 Decree affirmed.