BENNETT *et al.* v. CONSOLIDATED APEX MINING CO. *et al.*

In an action to set aside a mortgage for $50,000 on defendant's reality, which was valued at $100,000, plaintiff's claim being a judgment for only $2,000 which was second to the mortgages only, he was not entitled to the appointment of a receiver to take charge of and control all of defendant's property, since he could preserve his relation to the realty by filing notice of his action.

(Opinion filed November 22, 1899.)

Appeal from circuit court, Pennington county. Hon. WIL-LIAM GARDNER, Judge.

Bill by Granville G. Bennett and others against the Consolidated Apex Mining Company and others to set aside certain mortgages and to subject certain property to the payment of a judgment. From an order appointing a receiver, defendants appeal. Reversed.

*Schrader & Lewis* and *Fowler, Cull & Whitfield*, for appellants.

No appearance for respondent.

HANEY, J.   This is an action by judgment creditors to set aside certain mortgages made by the defendant corporation, and to subject its property to the payment of their judgments. A receiver of all the corporation's property was appointed, upon the application of the plaintiffs, and from the order making such appointment defendants appealed.

Before the application for a receiver was heard, the action was, by consent, dismissed as to Bennett, trustee. The application was heard upon the verified complaint, verified answer, and certain affidavits. From these it appears that when the action was begun the plaintiffs Swander and Congdon Hardware Company had recovered judgments against the defendant corporation for the sums of $553.85 and $1,292.50, respectively, whereon executions had been issed and returned unsatisfied. The mortgages sought to be set aside cover all of the corporation's property, both real and personal, and purport to secure debts aggregating $50,000. The principal issue presented by the pleadings is whether or not the mortgages were executed for the purpose of hindering, delaying, and defrauding credi-

tors. As we understand the record, these mortgages are the only liens upon the corporation's realty other than those of plaintiffs' judgments, and the value of such realty exceeds $100-000. The order appealed from authorizes and directs the receiver to take possession of all the corporation's property real personal and mixed, and things in action, debts, equitable interests, and other effects, and the rents, issues, incomes, and profits thereof; to convert, without unreasonable delay, all of the personal property into money, and to sell any and all of the realty, sufficient of the proceeds to be deposited pending the litigation to satisfy the plaintiffs' judgments and the mortgages; and to pay off and satisfy all other valid indebtedness due from the corporation. Defendant Halley and the officers of the corporation are directed to deliver all of the property to the receiver, and all of the books, records, vouchers, and papers of the corporation, and they are enjoined from doing any acts in connection with the property.

A receiver may be appointed by the court in which an action is pending, or by the judge thereof, after judgment, in proceedings in aid of execution, when an execution has been returned unsatisfied, but courts of equity should be exceedingly slow in taking from the corporate authorities—the creations of legislative will—the property of the corporation, the management of its business and the distribution of its assets, and thereby accomplish indirectly that which the court could not do directly. Comp. Laws, § 5015; Smith, Rec. § 223. In this case the receiver was wholly unnecessary, and his appointment was improper. After Bennett's judgment was withdrawn, the amount of plaintiffs' claims was less than $2,000. To secure these claims, there was $100,000 worth of realty, upon which plaint-

iffs' judgments were the first liens, if the mortgages proved to be fraudulent. The existing relation of the plaintiffs to the realty could be preserved by filling a notice of pendency of action. If there had been no mortages, plaintiffs would not have been entitled to possession or to the rents and profits of the corporation's property until they obtained sheriff's deeds. The mortgages were the only obstructions to the collection of their judgments, and, pending an adjudication of their validity, plaintiffs should have been content with the preservation of real property amply sufficient to satisfy their claims. This could have been afforded them without the assistance of a receiver, and none should have been appointed. The order appealed from is reversed.