## Farrar v. Consolidated Apex Mining Co.

Where the director of a company did not notify it of service of summons on him as its representative, and judgment was thereby obtained by default, such director and the company being unfriendly, and the company having *prima facia* a good defense to the action, and it being shown that the service could have been made on another director, the default will be set aside, without positive proof of collusion between the plaintiff and the director on whom service was made.

Fuller, J., dissenting.

(Opinion filed November 22, 1899.)

Appeal from circuit court, Pennington county. Hon. William Gardner, Judge.

Action by John J. Farrar against the Consolidated Apex Mining Company From an order refusing to set aside a default judgment, defendant appeals. Reversed.

*Schrader & Lewis,* and *Fowler, Cull & Whitfield,* for appellant.

The concealment of the service by the director Swander from the managing officers of defendant corporation was sufficient cause to authorize the court to open the judgment and let the corporation in to defend. Wilsey v. Horse Ranch Co. 7 S. D. 114; Sturm v. School District 47 N. W. 462. The defendant should have been allowed to file its answer and defend the cause on the merits. Griswold Oil Co. v. Lee, 1 S. D. 531; Searles v. Christianson, 5 S. D. 658; Vermont Co. v. Black, 38 Pac. 512.

Where a default judgment is obtained before any papers have been filed in the office of the clerk of court both public policy and justice should require the courts to declare it void. § 5335 Comp. Laws; Becker v. Curna, 25 Pac. 167; Young v Rosenbaum, 39 Cal. 653.

*Charles W. Brown,* for respondent.

A motion to vacate or set aside a judgment under the provisions of our statute is addressed to the sound legal discretion of the trial court on the particular facts of the case and its action in the matter will not generally be disturbed unless there is a manifest abuse of such discretion. Evans v. Fall River County, 4 S. D. 119; State v. Casey, 69 N. W. 585; Pettigrew v. Sioux Falls, 60 N. W. 27; Parszyck v. Mach 74 N. W. 1027.

CORSON, P. J. This is an appeal from an order denying the motion of the defendant to vacate and set aside the judgment, and for leave to file and serve an answer in this action. The judgment was taken by default, the service of summons and complaint having been made upon one Swander, a director of the company, who failed and neglected to notify the manag-

ing officers of the company, or its regularly retained attorneys, that such service had been made upon him. The motion was made upon an affidavit showing these facts, and alleging collusion between the plaintiff and the director Swander, and upon a proposed verified answer and affidavit of merits. There is some coflict in the affidavits as to whether or not there was any actual collusion between the plaintiff and the director Swander, but the fact is undisputed that he retained possession of the papers, and did not notify either the managing officers of the corporation or its attorneys that such service had been made upon him until judgment in favor of the plaintiff had been entered up against the defendant. And it is quite clear, from the proposed verified answer and affidavit of merits, that *prima facie* the defendant has a good defense to the action. Swander made an affidavit on the part of the plaintiff, in which he gives, as the reason for not notifying the officers of the company or its attorneys that the summons and complaint had been served upon him, that he thought the defendant had no defense to the action and the further reason that the defendant had, at least in one instance, allowed judgment by default to be taken against it. While there is no positive proof of collusion on the part of plaintiff and Swander, it is quite apparent from the affidavits that Swander was unfriendly to the company and its managing officers. It appears from the affidavit of C. L. Lewis, one of the attorneys for defendant, that, after judgment had been taken, he requested Swander to give him the summons and complaint in the case which had been served upon him; and Swander stated to him, as the reason why he had not notified the managing officers of the defendant of the service of said process upon him, that said defendant corporation had mistreated him,

and that he thought the defendant could look out for itself. It is also disclosed by the affidavit that V. T. Price, the secretary and one of the managing officers of the defendant, resides at Rapid City, and could have been served with process in the case. We are of the opinion that, under the facts disclosed in this case, the court below should have set aside the default, and allowed the defendant to serve and file an answer. The facts are disclosed by the record are very similar to those in the case of G. S. Congdon Hardware Company against the same defendant, in which this court reversed the order of the court below, and should be ruled by the decision in that case. Bennett v. Mining Co., 80 N. W. 1078, 12 S. D. 234. The order of the circuit court is reversed, and that court is directed to open the default, and allow the defendant to serve and file an answer upon such terms as it may deem just.

FULLER, J., dissenting.