## MEADE COUNTY BANK v. DECKER.

1. An order denying a motion to vacate a judgment by default and for leave to answer is an appealable order.

2. An order denying leave to renew a motion to vacate a judgment by default, and for leave to answer is not an appealable order.

3. An attempt to appeal from an order which is not appealable will be treated as surplusage where there is an appeal in the same cause from an appealable order.

(Opinion filed Feb. 3, 1904.)

Appeal from circuit court, Meade county; Hon. W. G. RICE, Judge.

Action by the Meade County Bank against Levi Decker. From a judgment for plaintiff, defendant appeals. Motion to dismiss appeal denied.

*Wesley A. Stuart* and *Ivan W. Goodner*, for appellant.

*Polk & McNenny* and *Horner & Stewart*, for respondent.

CORSON, P. J. This case comes before us on a motion to dismiss the appeal on the ground that it is "an appeal attempted to be taken from two separate and distinct appealable orders made by the Eighth Judicial Circuit Court within and for the county of Meade, one of which was entered upon the 1st day of May, and the other on the 9th day of June, 1903." The action was brought by the plaintiff against the defendant to foreclose a chattel mortgage. Judgment was entered against the defendant by default, and a motion was thereupon made by him to vacate and set aside the judgment and for leave to answer. A motion was also made for leave to intervene and file an answer by Edward T. Marshall, trustee in bankruptcy. The latter motion was granted as to the trustee, Marshall, but the former overruled and denied as to the defendant, and exception taken. Subsequently, on the 9th day of June, 1903, a motion was made on the part of the defendant, Decker, to set aside the judgment obtained in the above entitled cause by default, and for leave to answer therein, and further moving that all further proceedings be stayed until the final determination of the bankruptcy proceedings against the defendant now in the District Court of the United States for the western division of South Dakota. This motion was denied, and the ruling of

the court excepted to.' The second motion, as will be observed, was practically a motion for leave to renew the first motion for leave to answer, coupled with a motion to stay proceedings. On the 12th day of June, 1903, the attorney for the defendant, Decker, served and filed a notice of appeal, in which he appeals to the supreme court from the two orders of the said circuit court entered on the first day of May, 1903, and on the 9th day of June, 1903. It is contended on the part of the respondent that this is an appeal from two separate and appealable orders, and therefore comes within the decisions of this court in Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546, and Anderson v. Hultman, 12 S. D. 105, 80 N. W. 165, in which this court held that an appeal cannot be taken from two separate and distinct appealable orders in one notice of appeal. It is insisted by the appellant that this appeal does not come within the rule laid down in the two cases cited, but properly comes within the rule laid down in the case of Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774, and Kountz v. Kountz, 15 S. D. 66, 87 N. W. 523; and it is further insisted by the defendant that the last order. denying the defendant leave to renew the motion for leave to answer, and denying a stay of proceedings, was not an appealable order, and therefore there being only one appealable order in the notice of appeal, the appeal is good as to such order, and the last order referred to may be disregarded as surplusage. We are inclined to agree with the appellant in his contention. The first order, denying defendant's motion to vacate and set aside the judgment and for leave to answer, is clearly an appealable order. The second order, denying to the defendant, in effect, leave to renew the motion and denying a stay of proceedings does not con-

stitute an appealable order, and an attempted appeal from that order was therefore clearly surplusage. In Granger v. Roll, 6 S. D. 611, 62 N. W. 970, this court held that an appeal from an order denying a new trial made before judgment attempted to be taken in connection with an appeal from the judgment would be considered as surplusage and disregarded on the appeal. We are of the opinion that the attempted appeal in the case at bar from the second order comes within the rule laid down in that case.

The motion for leave to renew a motion previously decided by the trial court is ordinarily within the discretion of that court, and, unless facts are discovered not known when the previous motion was made, the order of the court denying the motion cannot be reviewed by this court on appeal. Williamson v. Hyer, 4 Wend. 170; Marvin v. Seymour, 1 N. Y. 535. In the case at bar. so far as the record discloses, there were no facts presented on the second motion that were not substantially presented on the former motion. It is true, on the second . motion the defendant moved the court to stay the proceedings in that court pending the decision of the matter in another court. It seems to be the general rule that such a motion is clearly within the discretion of the court, and an order denying the motion is not an appealable order. Johnston v. Riley, 24 Wis. 494; Parmalee v. Wheeler, 32 Wis. 429; Noble v. Strachan, Id. 314: Peeper v. Peeper, 53 Wis. 507, 10 N. W. 604. We are of the. opinion, therefore, that the notice of appeal properly brings up for review only the first order, and that the order made on the second motion. from which the appellant has attempted to appeal, should be treated as surplusage and disregarded.

The motion to dismiss the appeal is denied.