MEADE COUNTY BANK OF STURGIS V. DECKER.

While the provisions of the Code conferring upon trial courts power to vacate and set aside default judgments, and allowing parties to defend upon the merits, where, by mistake, inadvertence, surprise, or excusable neglect, they have omitted to file their pleadings within time, should be liberally construed, yet much must be left to the sound descretion of the trial court, and that discretion, when exercised, will not ordinarily be reviewed by an appellate court unless abused.

(Opinion filed February 21, 1905.)

On review on the merits. Affirmed.

For former opinion see 17 S. D. 590, 98 N. W. 86.

CORSON, P. J. This case was before us at a former term of this court upon a motion to dismiss the appeal. The decision in that case is reported in 17 S. D. 590, 98 N. W. 86. The case is now before us for a review of the first order upon its merits.

Prior to February 6, 1903, the defendant, being indebted to the plaintiff in the sum of about $7,000, executed to the plaintiff five promissory notes, and on the latter day, to secure the same, executed to the plaintiff a chattel mortgage upon his stock of goods, wares, and merchandise in his store in Sturgis, S D. The plaintiff subsequently, in February, deeming itself insecure, took possession of said stock of goods, and on the 9th day of March commenced an action to foreclose said chattel mortgage; serving a copy of the summons and complaint upon the defendant personally. On April 13th, no answer having been served or filed, a judgment by default was entered. Subsequently to the commencement of the action to foreclose the chattel mortgage, and before the time for answering had

expired, namely, on the 12th day of March, 1903, the defendant filed his petition in bankruptcy in the District Court of the United States for the District of South Dakota, Western Division, and was thereafter, on the 16th day of March, duly adjudged a bankrupt. On April 22d the defendant, by his attorney, and Edward T. Marshall, trustee in bankruptcy, by his attorneys, made a motion to vacate and set aside the judgment and for leave to answer the complaint. This motion was heard, and on the 1st day of May, 1903, the court made the following order: "That the said motion, so far as the defendant, Levi Decker, is concerned, is by the court overruled and denied; but the said motion on behalf of Edward T. Marshall, trustee in bankruptcy, is granted, and the said judgment and decree of April 13, 1903, is vacated and set aside in so far as it affects the said Marshall, trustee in bankruptcy, and leave is given the said Edward T. Marshall, trustee in bankruptcy, to file his proposed answer herein and to defend this action." From this order the appeal was taken to this court.

The defendant, in support of his motion to vacate and set aside the judgment, and for leave to file and serve an answer, relied mainly upon the affidavit made by his attorney, and upon the proposed answer served with the notice of the motion. In this affidavit the attorney for the defendant set out various statements alleged to have been made to him by the attorneys for the plaintiff, which he claims misled him, and by reason thereof he failed to file answer within time. It will not be necessary, in the view we take of the case, to set out this affidavit in this opinion, as the material statements therein consist of alleged conversations between the attorney for the defendant and the attorneys for the plaintiff, and were, in the

19 S. D.—9

main, denied by the plaintiff's attorneys.   The court, in its or·
der, it will be noticed, states no reason for denying the motion
and hence we aro left to conjecture as to the court's grounds
for denying the same.   The order may have been properly de-
nied on the ground that the defendant failed to show such in·
advertence, surprise, or excusable neglect on his part as to
bring his case within the provisions of the Code authorizing
the court to vacate and set aside a judgment and grant leave
to answer.   This court cannot say, in view of the ·proofs on
the part of the defendant and the denials on the part of the
plaintiff, that the court would have abused its discretion in de-
nying the motion on that ground.   Again, the court may have
taken the view that under the bankruptcy proceedings the de-
fendant, having filed his petition in bankruptcy, had no such
interest in the result of the action to foreclose the .chattel·
mortgage as would require the court to set aside the default.
This court is unable to say that the defendant had such an in-
terest remaining in the property that he was prejudiced by the
denial of the motion.   If the creditors of the defendant had
such interests in the property, such . interests were fully pro-
tected by permitting the trustee in ·bankruptcy to serve and
file an answer and contest the validity of the chattel mortgage.

    . While this court, by its ·decisions, has sought to impress
upon the trial courts the duty of giving a liberal construction
to the provisions of the Code conferring upon them the power
to vacate and set aside judgments, and allow parties to make
their defenses upon the merits, where, by mistake, inadvert·
ence, surprise, or excusable neglect, they have omitted to file
their pleadings within time (Griswold Linseed Oil Co. y. Lee,
1 S. D. 531;.47 N. W. 955, 36 Am. St. Rep. 761; Farrar v. Con-

solidated Apex Mining Co., 12 S. D. 237, 80 N. W. 1079), still much must be left to the sound judicial discretion of the trial court, and, when that discretion has been exercised, and this court is unable to say there has been an abuse of such discretion, the action of the trial court should ordinarily be affirmed.

These views lead to an affirmance of the order of the circuit court denying defendant's motion, appealed from, and the same is affirmed.