William B. MacDonald, Appellant, v. Hamilton B. Wills & Company, Limited, Respondent.

Fourth Department, December 20, 1921.

Civil Practice Act — application of remedial provisions of act to actions or proceedings commenced before act took effect — " remedial provision " defined — depositions — provision of § 290 permitting taking of testimony by deposition upon notice is a " remedial provision " and applicable to actions or proceedings theretofore commenced — party may proceed under § 290 without first obtaining leave from court.

The words " any remedial provision of this act," as used in the provision of section 1569 of the Civil Practice Act, " that the court or judge may apply thereto [actions or special proceedings theretofore commenced], in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding," include any provision contained in the act which was enacted for the purpose of simplifying the procedure to be followed in enforcing rights or redressing wrongs and which is intended to overcome defects in the procedure as it existed under the Code of Civil Procedure.

The provision of section 290 of the Civil Practice Act permitting the taking of testimony by deposition, upon notice, is clearly a " remedial provision " within the meaning of section 1569 and, therefore, a court or judge may, in the interests of justice, apply to any action or special proceeding commenced before the act took effect the remedial provision contained in section 290 and permit testimony by deposition to be taken upon notice, without requiring the party to first obtain leave from the court.

A party to an action commenced prior to October 1, 1921, may proceed by notice under section 290 of the Civil Practice Act to obtain testimony by deposition, and upon motion made by the opposite party to vacate such notice the court may either vacate the notice or permit the party to proceed by notice as the interests of justice require.

Appeal by the plaintiff, William B. MacDonald, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 3d day of November, 1921, setting aside and vacating a notice and subpœna issued under section 290 of the Civil Practice Act in an action commenced before October 1, 1921.

*Bartlett & Roberts* [*Eugene M. Bartlett* of counsel], for the appellant.

*Merwin & Kinkel* [*M. Edwin Merwin* and *Philip C. Samuels* of counsel], for the respondent.

Hubbs, J.:

Prior to the time when the Civil Practice Act became operative, October 1, 1921, the practice for obtaining the testimony by deposition of a party or witness was prescribed by chapter 9, title 3, article 1, of the Code of Civil Procedure. Under that practice it was necessary to procure an order granting the examination. The order was based upon an affidavit and the practice was very technical and cumbersome. The new Civil Practice Act has simplified the procedure. Under that act a party desiring to obtain by deposition the testimony of an adverse party or other person may proceed in either of two ways: *First*. By serving upon the opposite party or his attorney a notice, stating the person before whom the testimony is to be taken, the time and place, the name of the person to be examined and the issue upon which he is to be examined. (§ 290.) *Second*. The party entitled to take testimony by deposition may obtain an order of the court therefor in the first instance, upon notice to the opposite party. (§ 292.) The other party may, if he desires, move to vacate or modify the notice. (§ 291.) By section 1568 it is provided: " This act shall apply to all actions and special proceedings *hereafter commenced*." Then follow rules for determining whether or not an action has been commenced within the meaning of the act. Section 1569 provides that proceedings in an action or special proceeding commenced prior to the time when the act takes effect shall not be impaired by the act or by the repeal of the Code of Civil Procedure unless otherwise expressed. It then reads as follows: " Subsequent proceedings in such action or special proceeding must be conducted in accordance with the laws in force on the day before this act takes effect, except as otherwise provided in this article, and except that the court or judge may apply thereto, in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding. The provisions of article nine of this act are expressly made applicable to pending actions and proceedings."

Article 9 of the act treats of " mistakes, defects and irregularities " which may be corrected or supplied in the discretion of the court or disregarded. An analysis of said section 1569 discloses that it provides: *First*, that proceedings taken in an

action or special proceeding commenced before the act took effect shall not be rendered " ineffectual or impaired   *   *   * unless otherwise expressed." *Second*, that subsequent proceedings in such actions and special proceedings must be conducted according to the law as it existed before the act took effect, except (a) " as otherwise provided in this article " and (b) " except that the court or judge may apply thereto, in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding." The last sentence of the section makes article 9, referring to mistakes, omissions, irregularities, etc., applicable to pending actions. It would seem from the wording of such sections, 1568 and 1569, that the scheme of the Legislature as expressed is to make the act applicable to all actions and special proceedings hereafter (after October 1, 1921) commenced and that subsequent proceedings in an action or special proceeding theretofore commenced must be conducted in accordance with the law in force before the act took effect. From those general provisions there is an exception, to wit: " That the court or judge may apply thereto [actions or special proceedings theretofore commenced], in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or proceeding." (§ 1569.)

It would seem to follow that a court or judge may, in the interest of justice, apply the provision applicable to the taking of testimony by deposition, upon notice as provided in section 290, to actions and special proceedings commenced before October 1, 1921, if such provision is a " remedial provision " of the act. The act itself does not define " remedial provision." I think that the words " any remedial provision of this act " include any provision contained in the act which was enacted for the purpose of simplifying the procedure to be followed in enforcing rights or redressing wrongs and which is intended to overcome defects in the procedure as it existed under the Code of Civil Procedure. The provision permitting examination upon notice (§ 290) is, I think, clearly a remedial provision within the meaning of the act. A court or judge may, therefore, in the interests of justice, apply to any action or special proceeding · commenced before the act took effect the remedial provision

contained in section 290, and permit testimony by deposition to be taken upon notice. The learned justice at Special Term did not question but what permission to take testimony by deposition upon notice could be granted under section 1569 in an action commenced before the act took effect, but decided, apparently, that leave to proceed by notice under section 290 must first be granted upon motion by the court. Such holding, I think, is too narrow and too strict a construction and is hostile to the spirit and purpose of the act. If a party is required in the first instance to make a motion for permission to proceed upon notice under section 290, he might just as well, in the first instance, proceed by motion and procure an order to take the testimony by deposition as provided in section 292. If it is urged that a party cannot know in advance, when he proceeds upon notice under section 290 in an action commenced before October 1, 1921, whether or not the court will allow such procedure, the answer is that he cannot know in advance in any case whether in an action commenced before or after the act took effect, because section 291 permits the opposing party to test the right by motion in all cases.

My conclusion is that a party to an action commenced prior to October 1, 1921, may proceed by notice under section 290 to obtain testimony by deposition and that, upon motion made by the opposite party to vacate such notice, the court may either vacate the notice or permit the party to proceed by notice, as the interests of justice require.

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur, Davis, J., in a separate memorandum.

Davis, J. (concurring):

I concur for reversal. I think the intent of the Legislature was, as stated in the act, to repeal the Code of Civil Procedure and to substitute on October 1, 1921, the Civil Practice Act in governing practice and procedure in our courts. (Civil Practice Act, §§ 1568, 1577.) On the two prior occasions when our practice has been changed, the purpose of the Legislature was made clear in somewhat similar language, that only in proceedings pending in actions already commenced and in those where definite, existing rights might be lost or

impaired, did the old practice remain in force. (Code Civ. Proc. §§ 3349, 3352; Laws of 1848, chap. 379, §§ 388, 389, 390; Id. chap. 380, § 2; Laws of 1876, chap. 449; *Mayor, etc.,* v. *Schermerhorn,* 1 N. Y. 423; *Selden* v. *Vermilya,* Id. 534.)

It does not seem possible that it was intended to have in force for several years two methods of regulating procedure. Actions commenced on September thirtieth may proceed to trial and judgment, appeals may be taken and argued, and the Court of Appeals may eventually reverse the judgment and send the case back for a new trial. The complaint may be amended of necessity to conform to the law established in the case. May a demurrer then be interposed, and must all further proceedings be conducted under the provisions of the Code of Civil Procedure, long before repealed? The proposition seems to be an absurdity, yet it is urged that such is the meaning of section 1569 of the Civil Practice Act. It says: " Proceedings pursuant to law in an action or special proceeding taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act or by the repeal thereby of any provision of the Code of Civil Procedure, unless otherwise expressed, and subsequent proceedings in such action or special proceeding must be conducted in accordance with the laws in force on the day before this act takes effect, except as otherwise provided in this article.   *   *   * "

By " subsequent proceedings " I understand the further proceedings had in the courts in making disposition of the proceedings already begun in an action or special proceeding commenced before October first. This interpretation would accord with the simpler and clearer language in the similar provisions in regard to proceedings taken by State writ. (Civil Practice Act, § 1570.) Proceedings instituted before October first were saved from impairment or becoming ineffectual by the repeal of the Code of Civil Procedure (§ 1569), and existing rights were preserved which otherwise might be lost (§ 1573). Many demurrers had been interposed, motions had been made and other proceedings had been begun under the old practice, which were pending October first; and rights had accrued or been acquired and liabilities and defenses had accrued or been established at that time. The particular procedure then existing had been abolished or changed by the new practice,

yet it would have been unjust to leave the actions or special proceedings in a state of confusion, or deprive parties of existing rights and defenses by cutting off all at once the remedies theretofore given. This condition was anticipated by the Legislature, and the proceedings and rights have been preserved until such time as they may be disposed of and proper remedies given under the then existing law. Even then by order the court or judge may, in the interest of justice, apply to any such proceedings any remedial provision of the new act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding; and the provisions of the new act as to mistakes, defects and irregularities were made expressly applicable to pending actions and proceedings. (§ 1569.)

I think proceedings in all actions and special proceedings instituted after October first must be regulated by the new practice, regardless of whether the actions or special proceedings were begun before or after October first. Demurrers cannot be interposed (§ 260); orders for taking the depositions of witnesses are not necessary (§ 290). The new practice is supreme except in cases where special reservation is made to prevent the failure of justice.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.