Frederick W. Droge, Plaintiff, *v.* National Tower Corporation, Defendant.*

Municipal Court of New York, Borough of Manhattan, First District,
March 31, 1939.

---

* Revd., 171 Misc. ——.

*Samuel Akelmacher*, for the plaintiff.

*Allan D. Emil* [*Joel J. Weiner* of counsell], for the defendant.

GENUNG, J.    This is a cross-motion made by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

The action is based on interest coupons originally attached to several bonds, part of a series issued to a group of bondholders as collateral for the payment of which a trust mortgage covering real property in the city of New York was executed in favor of and delivered to a trustee for the benefit of the several bondholders.

The main defense relied on by defendant, and the only one to be discussed herein, is that the plaintiff consented in writing to a modification of said trust mortgage and an offer by defendant to perform pursuant to such modification.   The written assent is attacked by the plaintiff as to its validity, and on the further ground that the form thereof is not in complance with section 118 of the Real Property Law.

Plaintiff admits that he signed a post card indicating his assent to the defendant's proposed plan of modification and that such post card was sent by plaintiff to defendant.   He contends, however, that he wrote the words " for a limited time " on the post card; that such words operated as a rejection of defendant's proposed plan.   These words may have several meanings, such as that

plaintiff did not wish his assent to be held open for an indefinite period, but intended to have the right at some future time to withdraw his assent if the necessary number of assents had not yet been procured by defendant; or that he assented to the plan on condition that the modification be for a limited time. There may be other interpretations, depending upon the circumstances which may be shown upon the trial of this action.

While the post card with the above words thereon was not an unqualified acceptance, this does not mean that no contract arose between the parties. This qualified acceptance was in effect a counter-offer, acceptance of which may be spelled out by the subsequent acts of plaintiff and defendant, likewise a question of fact to be determined on the trial of this action. (1 Williston on Contracts [Rev. ed.], §§ 51 and 77; 1 Clark New York Law of Contracts, § 59; Restatement of the Law of Contracts, § 60.)

There is enough in the affidavits to indicate that the condition or qualification above referred to was complied with.

The next question is does section 118 of the Real Property Law apply to this situation. We are not dealing with a reorganization of real property where a trustee or other representatives of holders of a certificated bond issue have foreclosed and obtained the fee of the property involved, or where a plan is proposed which contemplates such taking of title by the trustee or bondholders' representatives, as was the situation in the cases cited in plaintiff's memoranda of law. We have here an instance of a modification of the provisions of a mortgage which covers real property. Such a mortgage itself is not real property, it is personalty, and the fact that it contains trust clauses does not change it to real property. Such a mortgage does not come under article 4 of the Real Property Law, which covers uses and trusts.

In *King* v. *Merchants' Exchange* (5 N. Y. 547, 557) the Court of Appeals said: " The mortgages in question contain the usual provisions of such instruments, and each of them a trust clause as follows: ' In trust nevertheless to and for the use, benefit, security, protection, and indemnity of the respective holders of the said bonds.' It has often been decided by the courts of this State, and is perfectly well settled, that a mortgage is a lien upon, and not a title in or to lands, it is mere security for a debt, and that the interest of the mortgagee is a chattel interest, and with the debt which it secures, passes, on the death of the mortgagee, to his personal representatives, as does his other personal property; while the title to the land remains in the mortgagor, and on his death descends to his heirs at law. *Our statute, therefore, regulating trusts in real property, has no application to a security by mortgage.*"

This case was cited with approval in the case of *Curtis* v. *Leavitt* (15 N. Y. 2, 207): " Express trusts, in personal property, may be created for any purpose which is not illegal. The article in relation to uses and trusts has no application to this kind of property. (8 Paige, 305.) "

The trustee in the instant case is not a trustee of *real property*. It is a trustee of a mortgage and of payments due pursuant to said mortgage. As indicated above, the mortgage itself is personal property; the payments due on account of the mortgage certainly are personal property.

Section 118 of the Real Property Law was never intended to cover personal property. That section refers to " a trust in real property." This is evident from a consideration of section 15 of the Personal Property Law. It was not until the amendments to this section by chapter 920 of the Laws of 1934 that any reference was made to mortgage certificates. By the said amendment of the Laws of 1934 there was added the following:

" 5. To effect and carry out a plan of reorganization, pursuant to chapter seven hundred forty-five of the laws of nineteen hundred thirty-three and/or any other act of the Legislature passed at the extraordinary session in the year nineteen hundred thirty-four, of real property acquired on foreclosure or otherwise of a mortgage or mortgages against which participation certificates have been issued and guaranteed by a corporation, for which the Superintendent of Insurance has been or may hereafter be appointed rehabilitator or liquidator, pursuant to law." (Real Prop. Law, § 96, subd. 5.)

By the amendment under chapter 830 of the Laws of 1936 another subdivision was added to section 96 of the Real Property Law, as follows:

" 6. To effect and carry out a plan of reorganization, pursuant to sections one hundred nineteen to one hundred twenty-three, both inclusive, of this chapter or pursuant to section seventy-seven-b of the National Bankruptcy Act, of real property *acquired on foreclosure* of a mortgage or mortgages against which participation bonds or certificates have been issued."

By chapter 573 of the Laws of 1937 subdivision 1 of section 15 of the Personal Property Law was amended merely to refer to other sections which were themselves amended. The pertinent part of section 15 of the Personal Property Law now provides: " But the right and interest of the beneficiary of any other trust in personal property, including the beneficiary of a trust in personal property under a plan of reorganization pursuant to chapter seven hundred forty-five of the laws of nineteen hundred thirty-three, as enacted

or amended, and/or pursuant to chapter nineteen of the laws of nineteen hundred thirty-five, as enacted or amended, and/or pursuant to sections one hundred nineteen to one hundred twenty-three, both inclusive, of the Real Property Law or pursuant to section seventy-seven-b of the National Bankruptcy Act, may be transferred."

The kind of a trust involved herein, therefore, is specifically declared to be a trust of *personal property*.

Section 23 of the Personal Property Law reads as follows: " Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

It is significant that this section has no requirement that consent must be " acknowledged or proved in the manner required to entitle conveyance of real property to be recorded."

As further evidence that section 118 of the Real Property Law has no application to this case, even a cursory examination of article 4 of the Real Property Law, of which section 118 is a part, reveals the following: The article is entitled " Uses and Trusts." The pertinent sections in that article are as follows:

" § 91. Uses and trusts concerning real property, except as authorized and modified by this article, have been abolished.

" § 96. Purposes for which express trusts may be created: * * *

" 5. To effect and carry out a plan of reorganization, pursuant to chapter seven hundred forty-five of the laws of nineteen hundred thirty-three * * * and/or pursuant to chapter nineteen of the laws of nineteen hundred thirty-five, * * * *of real property acquired on foreclosure or otherwise* of a mortgage or mortgages against which participation certificates have been issued and guaranteed by a corporation, for which the Superintendent of Insurance or the Superintendent of Banks, has been or may hereafter be appointed rehabilitator or liquidator, pursuant to law.

" 6. To effect and carry out a plan of reorganization, pursuant to sections one hundred nineteen to one hundred twenty-three, both inclusive, of this chapter or pursuant to section seventy-seven-b of the National Bankruptcy Act, of real property acquired on foreclosure of a mortgage or mortgages against which participation bonds or certificates have been issued or otherwise."

It should be noted that subdivision 5 refers to a *situation of real property acquired on foreclosure* or otherwise of a mortgage or mortgages against which participation certificates have been issued and

guaranteed by a corporation, *for which the Superintendents of Insurance or Banks, has been or may hereafter be appointed rehabilitator or liquidator pursuant to law.*

Subdivision 6 refers to the Burchill Act and section 77B of the Bankruptcy Act (U. S. Code tit. 11, § 207). Subdivision 6 also refers to a plan of reorganization "of real property acquired on foreclosure of a mortgage."

Section 118 has already been considered above.

Section 119 states: *"Any banking corporation * * * may* acquire such real property in any foreclosure action."

Section 120 provides: "*Such banking corporation,* upon acquiring such property, shall hold, lease, rent, operate and manage the same for the pro-rata benefit of all parties interested in said mortgage."

Section 121 provides: "Such banking corporation," and then provides for the formation of a domestic business corporation for the purpose of taking over such property.

Section 122 provides for procedure of reorganization and expenses in connection with section 121.

Section 123 gives the right to any bondholder or committee of bondholders to bid at the foreclosure sale.

It is evident from the foregoing that section 118 does not provide for this situation since, in addition to the other observations made, the property involved in this case was not acquired on foreclosure, neither is the Superintendent of Insurance or a banking corporation involved.

Stripped of all technicalities, this case merely involves a situation where a mortgagor asked to have the terms of a mortgage modified in favor of the mortgagor. The mortgagee is not a single individual, but a group. All those who assented to the proposed modification gave such assent in writing and are bound by the terms thereof. Those who did not give their assent in writing are not bound and they only have the right to insist upon the original terms of the bond and mortgage, or if a sufficiently large number of the bondholders combine, they may insist upon the trustee taking action under the Burchill Act.

It appears that the plaintiff consented to the modification and should not now be permitted to withdraw his assent after defendant has acted upon it, and he and others have changed their positions relying upon such assent. The theory of estoppel also may very well be applicable herein, dependent upon the circumstances brought out upon the trial.

The motion for summary judgment must, therefore, be denied.