### BLOODGOOD v. SLAYBACK et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. DISCOVERY—EXAMINATION OF DEFENDANT.

     A plaintiff is not entitled to an examination of defendant before service of the complaint, except where it is shown that such examination is necessary to enable him to frame his complaint.

2. SAME.

     A plaintiff is not entitled to an examination of defendant before service of the complaint, in order to ascertain whether a cause of action exists against other persons not parties to the action.

Appeal from special term, New York county.

Action by Emily F. Bloodgood against John D. Slayback and others. From an order denying a motion to vacate an order for the examination of defendant Slayback, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Delos McCurdy, for appellant.
Samuel Seabury, for respondent.

INGRAHAM, J. The plaintiff seeks to examine the appellant before service of the complaint. To entitle the plaintiff to such an order she must show that the examination of the appellant is necessary to enable her to frame the complaint. I think it clearly appears that the plaintiff has all the information required for that purpose. It is unnecessary to allege in the complaint the disposition of the trust property that has been made by the firm of Bloodgood & Co. Whether the firm had the property in its possession, or had disposed of it, it would be liable to account for the trust property received with knowledge of the fact that it was impressed

with a trust. The witness sought to be examined was not one of the trustees, and occupied no relation of trust or confidence to the plaintiff or the other cestui que trust; and, while it may be that after issue is joined the plaintiff would be entitled to examine this defendant, to procure testimony to be used upon the trial, it would be manifestly improper to allow an examination for the purpose of ascertaining whether or not she had a cause of action against those who are not parties to the action; and yet this would seem to be the only object of such an examination at this time. Counsel for the respondent is quite incorrect in his statement that this court is reluctant to sustain an order for an examination of a defendant before trial. Such an examination, however, cannot be had unless the papers upon which the application is made state the facts which the Code requires. The order should be reversed, with $10 costs and disbursements, and the motion to vacate the order for an examination granted, with $10 costs. All concur.