DAVID H. WELSH, Respondent, v. COWLES SHIPYARD COMPANY, INC., Appellant.

Fourth Department, March 22, 1922.

Depositions — examination of defendant before trial — order to take deposition of defendant and its president and for inspection of books and papers made before complaint served, but not to enable plaintiff to frame complaint, not proper.

Under article 29 of the Civil Practice Act an order to take the deposition of the defendant and its president and for the inspection of books and papers may not properly be granted the plaintiff before he has served his complaint, when such order is not for the purpose of enabling him to frame his complaint. Only testimony that is material and necessary in the prosecution or defense of an action may be taken by deposition, and the court cannot determine whether the testimony sought is material and necessary until after issue is joined.

APPEAL by the defendant, Cowles Shipyard Company, Inc., from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on or about the 30th day of December, 1921, directing that the deposition of the defendant and its president, Benjamin L. Cowles, be taken before the service of the complaint, and that certain books and papers be produced by the defendant for inspection by the plaintiff.

*Joseph A. Stone* [*John W. Ryan* of counsel], for the appellant.

*Hamilton Ward* [*Dana L. Spring* of counsel], for the respondent.

HUBBS, J.:

This action was commenced by the service of a summons without a complaint. The defendant served a notice of appearance. The plaintiff, before serving a complaint, made a motion under article 29 of the Civil Practice Act, for an order to take the deposition of the defendant and its president and for an inspection of the books and papers of the defendant. The motion was granted and the defendant has appealed from the order.

The order was not made for the purpose of enabling the plaintiff to ascertain facts from which to frame his complaint. There is no pretense that it would be necessary to have the examination for such purpose. Under such circumstances it was decided under

the Code of Civil Procedure that an order for examination of a party before the service of a complaint was not permissible. (*Bloodgood* v. *Slayback*, 54 App. Div. 634.) The same rule should apply under the Civil Practice Act, section 288 of which provides: " Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of an adverse party, which is material and necessary in the prosecution or defense of the action." Section 289 provides for taking the testimony of officers of a corporation which is a party to the action when the testimony is " material and necessary." Section 290 provides for taking testimony by deposition upon notice. The notice required to be served upon the adverse party under said section must state: " 4. The *issues* upon which such person or persons are to be examined." Rule 122 of the Rules of Civil Practice requires the moving party to state by affidavit: " That the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action." It cannot be known that the testimony sought is material and necessary until issue is joined.

In the case at bar the plaintiff's affidavit states that the action is brought to obtain judgment for a share of the profits made in the defendant's business during a certain period, under a contract by which the defendant agreed to give the plaintiff a share of such profits as the consideration for his services. It may appear after the pleadings are served that the only issue is as to the terms of the contract. The answer may admit the amount of profits made in the business and rely for a defense upon a denial of the making of the contract, or it may admit the making of the contract, the amount of profits of the business, and set up the defense of payment. The court cannot determine whether the testimony sought is " material and necessary " until after the issue is joined.

The word " issues " as used in subdivision 4 of section 290 of the Civil Practice Act has the meaning given the word in section 422 of said act. It is used in its technical sense. The Civil Practice Act does not permit the taking of testimony by deposition before trial upon all questions which the moving party, for any reason, may desire to inquire about, but limits the testimony which may be taken to that which is " material and necessary in the prosecution or defense of the action."

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.