Frank B. Brown and Others, as Trustees under the Will of Andrew B. Brown, Deceased, and Others, Respondents, *v.* Harriet M. S. Brown, Appellant.

Fourth Department, November 29, 1922.

Wills — action by testamentary trustee to construe will — will provided for payment of annuity out of rents of estate — answer of annuitant alleges that entire estate should be held in trust until her death — will was ambiguous on question whether entire estate should be held in trust — annuitant had right to litigate that issue and to examine plaintiffs before trial upon issue whether or not she had lien on entire estate — examination limited to time of testator's death — if annuitant has lien on entire estate she is entitled to accounting in this action.

The will sought to be construed in this action, which provided for the payment of an annuity of $3,000 to the defendant out of the rents, profits and income of the estate, was ambiguous on the question whether the testator intended that the annuity should be a charge upon the entire estate or whether he intended that a trust fund sufficient to yield an income of $3,000 and expenses should be set up by the trustees out of the estate.

Accordingly, the defendant, who contended in her answer that the annuity was a charge upon the entire estate and that the trustees are compelled to hold the estate in trust until her death, was entitled to litigate that question.

Therefore, she was entitled to an examination of the plaintiffs before trial upon the issue whether or not she had a lien upon all of the assets of the estate for the payment of her annuity.

But the defendant should not be permitted to examine the plaintiffs in regard to the investments which they hold, or the management of the estate since the death of the testator.

If upon the trial the defendant succeeds in establishing her contention that it was the intention of the testator to charge the entire estate with the payment of her annuity, then she will be entitled to an accounting by the trustees which may be had in this action.

APPEAL by the defendant, Harriet M. S. Brown, from an order of the Supreme Court, made at the Niagara Special Term and entered in the office of the clerk of the county of Niagara on the 2d day of August, 1922, denying her motion for an order directing the examination before trial of the plaintiff trustees.

*Edwards & Bryan* [*Edward W. Hamilton* of counsel], for the appellant.

*Dempsey & Fogle* [*Wilber E. Houpt* and *S. Wallace Dempsey* of counsel], for the respondents.

HUBBS, J.:

This is an action to construe the will of Andrew B. Brown, deceased. The respondents are the executors and trustees appointed therein. The appellant is the widow of the testator. The will provides for the payment of an annuity of $3,000 to the appellant out of the rents, profits and income of the estate. It also provides that the trustees shall have full control and charge of the estate.

The principal question involved in this action is whether or not said annuity is a charge upon the estate so that the trustees are compelled to hold the estate in trust until the death of the widow, the life beneficiary of said trust, or whether they may set up a trust fund sufficient to yield an income of $3,000 and expenses and distribute the balance of the estate. The first contention is set up in the answer of the appellant. The trustees contend for the latter construction. The appellant, after the action was at issue, made a motion for an order to examine the plaintiffs before trial, under section 870 of the Code of Civil Procedure or section 288 of the Civil Practice Act. The learned justice at Special Term made an order denying the motion, provided the plaintiffs would set aside $80,000 worth of United States bonds or other proper bonds which would yield an annual income of $3,000 above expenses with which to pay said annuity to the appellant. The bonds were set aside for such purpose and an order was made denying the appellant's motion.

It seems clear that the defendant, appellant, had a right to

litigate the questions raised by her answer, and that the examination should have been allowed, unless there was some controlling reason justifying its denial. (*O'Brien* v. *Garniss*, 25 Hun, 446; Code Civ. Proc. § 870; Civ. Prac. Act, § 288.)

The respondents contend that the will itself furnishes such controlling reason. They urge that it clearly expresses the intention of the testator to create a separate trust for the appellant and requires the trustees to set apart a sufficient amount of securities so that the net income on the same will be sufficient to pay the $3,000 annuity provided for the appellant in the will. The learned justice at Special Term adopted such contention. If the Special Term was correct in such construction of the will, and there is no question as to the proper construction, it follows that the appellant is not interested in the balance of the estate and her motion to examine the plaintiffs before trial was properly denied.

The action was brought to determine the very question determined by the Special Term upon the decision of the motion. If there is any ambiguity in the will, so that the intent of the testator is doubtful and uncertain, the appellant would have the right, upon the trial of the action, to introduce evidence in regard to the situation of the testator, the amount and kind of property which he owned, and the circumstances surrounding the testator and the beneficiaries. We think there is such ambiguity in the will and that there is conflict in the language used. In construing the will the court should have the benefit of such light as the evidence of surrounding circumstances may furnish.

It is urged by the respondents that, in any event, the defendant, appellant, is not entitled to examine in regard to the investments made or retained by the trustees until it shall be determined that she is interested in the estate over and above the trust fund of $80,000 set aside by the trustees to provide the $3,000 annuity to which she is entitled under the will. If the trial court should decide that the trustees were not entitled to set aside a trust fund of $80,000 and to dispose of the balance of the estate, but that they were required by the will to hold the estate in trust as long as the appellant, the life beneficiary, lives, then clearly she would be interested in the kind of securities held by the trustees, in the management of the estate and to an accounting by the trustees.

The appellant was entitled to an order to examine the plaintiffs before trial, upon the issue of whether or not the defendant has a lien upon all of the assets of the estate for the payment of her annuity of $3,000.

She should not, however, be permitted to examine the plaintiffs in regard to the investments which they hold, the management of

" The Cordova Shops, Inc.," or the management of the estate since the death of Andrew B. Brown. If, upon the trial she succeeds in establishing her contention that she has a lien upon the assets of the estate for the payment of her annuity, she would then be entitled to the accounting by the trustees, which could be had in this action. (*Del Genovese* v. *Del Genovese*, 149 App. Div. 266; *Bamberger* v. *Cooke*, 181 id. 805.) In this holding we do not mean to intimate in any way our view as to the proper construction of the will. Such question is not here. We hold only that there is a question involved which must be determined upon a trial of the issue raised by the pleadings.

The order should be reversed, with ten dollars costs, and the motion granted as limited by this opinion, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted for examination as limited by the opinion. Settle order before HUBBS, J., on two days' notice.