THE MARINE TRUST COMPANY OF BUFFALO, Respondent, *v.* NUWAY DEVICES, INC., and Others, Defendants, Impleaded with RICHARD L. MATHER, Appellant.

Fourth Department, March 23, 1923.

Depositions — bills and notes — action against indorser on demand note — defendant entitled to examine plaintiff before trial as to presentment, protest and notice thereof — right to examine adverse party under Civil Practice Act, § 288, freely granted — defendant entitled to benefit of remedial provisions of Civil Practice Act.

In an action against an indorser on a demand promissory note, the defendant is entitled to examine the plaintiff before trial to ascertain among other things when and under what circumstances presentment, protest and notice thereof were made, since he is not seeking merely to examine plaintiff as to its cause of action but is endeavoring to obtain from the plaintiff that which may establish or assist in establishing his defense arising under a denial of all material allegations of the complaint except his indorsement of the note.

Under section 288 of the Civil Practice Act the right to examine an adverse party is more freely given than under the Code of Civil Procedure, and although this action was brought before the Civil Practice Act went into effect the defendant is entitled to the benefit of the remedial provisions thereof.

APPEAL by the defendant, Richard L. Mather, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 18th day of December, 1922, which order resettled an order entered in said clerk's office on the 6th day of December, 1922, denying said defendant's motion to examine the plaintiff and its managing agent before trial.

*Cohn, Chormann & Franchot* [*Basil Robillard* of counsel], for the appellant.

*Kenefick, Cooke, Mitchell & Bass* [*Thomas R. Wheeler* of counsel], for the respondent.

DAVIS, J.:

On October 30, 1919, one Harrah made his note ·for $3,000, payable to the order of himself on demand, upon which defendant Mather (who is the only defendant answering) and others were indorsers. This note was discounted by the plaintiff which became the holder thereof for value.

In an action against the maker and indorsers it is alleged in the complaint that payments to the amount of $1,200 were made on this note, and that on June 30, 1920, a new note was made by the defendant corporation for $1,800 payable on demand to the order of defendant Mather, and that he with others as indorsers

delivered said note to plaintiff, and the prior note was thereupon surrendered by it.

It is alleged that the sum represented as due by one or the other of these two notes has not been paid and that said notes have been duly presented and protested for non-payment and due notice thereof given the defendant. A second cause of action contains similar allegations in respect to a note for $572.85.

The defendant in answering does not deny his indorsement of the $3,000 note, but puts in issue by denial all other material allegations of the complaint. In brief his claim is that his indorsements on the subsequent notes are forgeries.

Defendant now seeks to examine the plaintiff through its managing agent who had charge of the matter, to ascertain among other things when and under what circumstances presentment, protest and notice thereof were made, and to use the deposition so taken on the trial.

It is a vital issue. The note being payable on demand, presentment must be made within a reasonable time after its issue. (Neg. Inst. Law, § 131.) Notice of dishonor, unless waived or excused, must be given to each indorser within the time fixed by statute. (Id. §§ 160, 173, 174, 175, 180.)

On the trial the plaintiff may without calling a witness offer in evidence the certificate of the notary who it is claimed made presentment and protest and gave notice thereof to indorsers, and such certificate is presumptive evidence of the facts certified. (Civ. Prac. Act, § 368; Code Civ. Proc. § 923.) The defendant will then be required to assume the burden of proving the contrary, not by the cross-examination of witnesses called by plaintiff, but by producing affirmative proof.

The truth of the facts contained in the certificate is exclusively within the knowledge of plaintiff. By use of a subpœna the defendant might in time procure the evidence of witnesses. It would be a difficult task, very likely necessitating delay on the trial. All this could be obviated by making the same examination before trial. There seems to be no good reason why these facts should be concealed by the plaintiff pending the trial. The parties should be seeking the truth, not playing a game. If due presentment, protest and notice have made the defendant liable, he is as much entitled to know it now as when the cause is brought to trial.

The motion was denied at Special Term on the ground that permission will not be given a defendant to examine plaintiff as to its cause of action. The defendant seeks more than that. He seeks to obtain facts from the plaintiff that may establish or

assist in establishing his defense. Even under the old practice the rule stated was not invariably applied. (*Herbage* v. *City of Utica,* 109 N. Y. 81; *Oshinsky* v. *Gumberg,* 188 App. Div. 23.) Under the new practice (Civ. Prac. Act, § 288) the right to examine an adverse party or witnesses is more freely given, and although the action was brought before the new practice went into effect, the defendant is entitled to the benefit of the remedial provisions of the Civil Practice Act. (*MacDonald* v. *Wills & Co., Ltd.,* 199 App. Div. 203; *Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 201 id. 223.) In recent decisions in this court we have departed from the strict rule applied at Special Term. (*Brown* v. *Brown,* 203 App. Div. 658; *Harding* v. *Harding,* Id. 721.)

The order appealed from should be reversed, with ten dollars costs, and the order for examination granted, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order to be settled before SEARS, J., at chambers on two days' notice.