IRVING SAMOLS, Plaintiff, *v.* " DAVID " MAYER and " JOHN " FREISTADTL, etc., Defendants.

Supreme Court, Kings Special Term, April, 1923.

**Practice — negligence — when motion to vacate notice for examination of defendants before trial will be denied.**

Where the defendants in a negligence action are charged with supplying the plaintiff with poisonous drugs used by them in compounding a prescription of plaintiff's physician instead of the harmless medicaments as directed, an order for the examination of defendants before trial may be granted.

A motion to vacate the notice of such examination will be denied but the examination must be limited to adducing evidence in support of certain allegations of the complaint.

MOTION to vacate notice for examination of defendants.

*Louis G. Bernstein,* for plaintiff.

*William Dike Reed,* for defendants.

BENEDICT, J.   This motion to vacate a notice for the examination of the defendants before trial will be denied.   The action is stated in two counts and seeks to charge the defendants with negligence in supplying the plaintiff with poisonous drugs used in compounding a prescription of his physician instead of the harmless medicaments as directed.   Counsel for the defendants relies on the general rule laid down in *Shaw* v. *Samley Realty Co., Inc.*, 201 App. Div. 433, and in the cases therein cited, that ordinarily the court will not allow a general examination of a defendant in an action for negligence except under special circumstances, *e. g.*, where ownership and control are denied, although the power to allow such general examination is conceded.   The court there holds that the Civil Practice Act and Rules have not effected any change in the established rule in respect of such examination.   With deference, I cannot agree with the court in the last statement.

It was for the express purpose of broadening the right of examination of parties before the trial so as to simplify and ascertain the facts in issue that these changes in the former practice were made, and I am convinced that the experience of the bar generally since the changes went into effect has been favorable.   Law suits ought not to be regarded as contests over legal refinements, but rather as the best method of reaching a legal determination after ascertainment of all material facts.   To this end, any thing that will bring out facts before the trial should be encouraged, because facts that are known in advance of the trial cannot be suppressed at the trial.   Justice Jaycox states the correct view of this question when he writes:  " The procedure under the Civil Practice Act is not to be assimilated to the practice under the Code of Civil Procedure.   The intent and purpose of the Civil Practice Act is to remove from proceedings of this character all procedural trammels and to permit examinations of adverse parties with as few restrictions as possible."   *Buehler* v. *Bush*, 200 App. Div. 206.

The examination under the notice in the present case will be limited, however, so as to be applicable to adducing evidence in behalf of the plaintiff to enable him to sustain the allegations of the 5th and 8th paragraphs of his complaint.   The examination

will proceed on Monday, April 9, 1923, at eleven o'clock in the forenoon, before Thomas P. Peters, 50 Court street, Brooklyn, attorney and counselor at law. Settle order on notice of one day.

Ordered accordingly.