THE NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant, *v.* RICHARD SHEARMAN, by JOHN C. SHEARMAN, His Guardian ad Litem, Respondent.

Fourth Department, May 23, 1924.

**Depositions — examination of defendant before trial — action to recover for damages to automobile while being driven by defendant — defendant is only person who knows about accident — plaintiff is entitled to examine defendant under Civil Practice Act, § 288, on notice served under § 290 — examination should be limited to defendant's authority to drive and facts relating to accident.**

The plaintiff, in an action to recover for damages to an automobile while it was in the possession of and being driven by the defendant, who alone knew about the cause of and the facts relating to the accident, is entitled under section 288 of the Civil Practice Act to examine the defendant before trial on notice served under section 290 of the Civil Practice Act.

The examination should not include the question how the defendant came into the possession of the automobile nor his claim that he was driving it lawfully at the time of the accident, but should be limited to facts relating to his authority to drive the automobile in the State of Connecticut where the accident occurred and the facts relating to the cause of the accident.

APPEAL by the plaintiff, The National Fire Insurance Company of Hartford, Connecticut, from an order of the Supreme Court, made at the Erie Special Term, vacating a notice served to take the deposition of the defendant.

*Lannon & Bailey* [*Marion H. Fisher* of counsel], for the appellant.

*Nugent & Heffernan*, for the respondent.

CLARK, J.:

Plaintiff desired to examine defendant before trial, and served a notice for such examination as prescribed by section 290 of the Civil Practice Act and rule 121 of the Rules of Civil Practice. Defendant moved, under section 291 of the Civil Practice Act and rule 124 of the Rules of Civil Practice, to vacate said notice, and from an order granting said motion plaintiff appeals.

In its complaint plaintiff charges that on the 18th day of February, 1922, a Cadillac automobile owned by one Mullins, and in possession of and driven by the defendant, was negligently run into a telegraph pole and seriously damaged. This action is brought to recover such damages, and before the action was begun Mullins assigned the claim to plaintiff.

By his answer defendant alleges that he was rightfully in possession of the automobile at the time of the accident, and denies all charges of negligence.

So far as disclosed by the moving papers defendant was the only person in the automobile at the time of the accident, which occurred in a country district in the State of Connecticut long past midnight, and after defendant had been in attendance at a dance.

Plaintiff has no means of knowing anything about the accident or how defendant got possession of the car, for the man who owned it has since died, and defendant is the only person known to plaintiff who knows anything about the accident.

Section 288 of the Civil Practice Act provides that "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of an adverse party, which is material and necessary in the prosecution or defense of the action."

The court at Special Term set aside the notice for defendant's examination on the theory that it was a fishing excursion.

Under the facts I do not so regard it. The provisions of the Civil Practice Act are to be liberally construed. (Civ. Prac. Act, § 2.)

Under the new Civil Practice Act the right to examine an adverse party has been greatly liberalized. (*Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 App. Div. 752; *Dayton* v. *Farmer,* 201 id. 239.)

Such examination may be proper in a negligence case. (*Pierce* v. *Morris,* 192 App. Div. 502; *Samols* v. *Mayer,* 120 Misc. Rep. 516.)

The notice is perhaps too broad and it should be modified by striking out the provision authorizing an examination of defendant as to how he came into possession of the car and as to his claim that he was driving it lawfully and have the examination limited to the facts regarding defendant's previous experience in driving automobiles; his authority to drive an automobile in the State of Connecticut, and the facts regarding the time the accident occurred, and the manner in which it occurred; the speed at which defendant was driving the car at the time of the accident; the character of the road and defendant's familiarity therewith; the cause and reasons for said accident and as to all the facts and circumstances producing it.

The matters on which plaintiff seeks to examine defendant are vital issues, and plaintiff is in ignorance of them and has no means of obtaining the knowledge it seeks except by an examination of defendant. The information sought to be obtained is shown to be material and necessary for the plaintiff to enable it to prosecute the action, and no good reason is given why material facts within the knowledge of defendant and of which plaintiff is in ignorance should be withheld.

The order should be modified in the particulars above indicated and as modified affirmed, without costs, and defendant should be required to appear for examination under the notice served and before the referee therein named on the 2d day of June, 1924, at ten o'clock in the forenoon of that day.

All concur.

Order modified in accordance with opinion, and as so modified affirmed, without costs of this appeal to either party. The defendant is required to appear for examination under the notice served and before the referee therein named on the 2d day of June, 1924, at ten A. M.