GEORGE H. SANDS, Appellant, *v.* JAMES G. COMERFORD, Respondent.

Fourth Department, January 7, 1925.

**Depositions — examination of plaintiff before trial — action for deceit and false representations — notice asked examination as to facts which plaintiff must prove to succeed — examination does not concern matters material or necessary to defense — notice vacated — all information can be secured through bill of particulars.**

A notice for the examination of the plaintiff before trial, in an action to recover damages for deceit and false representation arising out of the creation of a partnership between the parties, will be vacated where the purpose of the examination is to secure facts which the plaintiff must prove in the action in order to succeed, for the examination in such case does not concern matters material or necessary to the defense. Defendant's proper remedy was to apply for a bill of particulars.

APPEAL by the plaintiff, George H. Sands, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 12th day of March, 1924, denying his motion to vacate a notice for the examination of the plaintiff before trial.

*George D. Forsyth,* for the appellant.

*James M. E. O'Grady,* for the respondent.

SEARS, J.:

The defendant has given notice under section 290 of the Civil Practice Act for an examination of the plaintiff before trial. A motion to vacate the notice, made pursuant to section 291 of the Civil Practice Act, has been denied.

The complaint contains two separate causes of action. The first cause of action is for deceit. The allegations are that the plaintiff and defendant became partners under the name of Gates Packing Company, using the plaintiff's farm and slaughter house with a refrigerating plant in the partnership business, but that the plaintiff was induced to form such partnership by false representations as to the condition and adaptability of these facilities, and that the plaintiff entered into the partnership relying thereon to his damage. The second cause of action was to the effect that the defendant had committed certain wrongful acts because of which the plaintiff made certain outlays and incurred certain expenses. The answer besides denying the deceit and other tortious acts, alleges wrongful acts on the part of the plaintiff following the termination of the partnership by mutual consent and demands an affirmative judgment for damages against the plaintiff on this counterclaim. The reply consists of denials.

The matters concerning which the examination of the plaintiff is sought are stated in the notice as follows: " The issues upon which said George H. Sands is to be examined are the issues raised by the complaint, answer and reply to the complaint, and particularly with reference to the alleged representations made to the plaintiff by the defendant with reference to the condition of the farm and the slaughter house and refrigerating plant, the amounts of money expended by plaintiff as alleged in the complaint for various purposes therein stated and for which plaintiff seeks reimbursement; the amount of profits of the business of the Gates Packing Company as set out by the plaintiff in his complaint and the bill of particulars, &ast; &ast; &ast;."

The statute requires the notice to set forth the matters upon which the party is to be examined. (Civ. Prac. Act, § 290.) The general language of the notice is followed by particulars. We construe the notice as limiting the examination to the particulars mentioned, and the counsel for the defendant conceded upon the argument that it should be so regarded. In fact without the statement of the particulars to be covered, there would at least be doubt whether the statutory requirement was sufficiently complied with. (*Bamberger* v. *Cooke,* 181 App. Div. 805; *Smith-Eisemann Corporation* v. *Eisenbach,* 188 N. Y. Supp. 479; *Eagle Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 203 App. Div. 9.)

Although we have repeatedly given a liberal construction to the provisions of the Civil Practice Act relating to an examination of an adverse party (*Brown* v. *Brown,* 203 App. Div. 658; *Harding* v. *Harding,* Id. 721; *Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 id. 752; *National Fire Ins. Co.* v. *Sherman,* 209 id. 538; *Bloede Co.* v. *Devine Co.,* 211 id. 180), the right to such examination is by no means unlimited. The testimony of the party sought to be obtained by deposition must be material and necessary in the prosecution or defense of the action. (Civ. Prac. Act, § 288; *Welsh* v. *Cowles Shipyard Co., Inc.,* 200 App. Div. 724.) This is the mandate of the statute. All of the subjects particularized in the notice in this case have reference to the affirmative proof which the plaintiff must produce to establish his alleged causes of action. It is only under exceptional circumstances that an examination will be allowed in relation to such adverse party's own case. (*Lattimer* v. *Sun-Herald Corporation,* 208 App. Div. 503.) Whatever may be the merits of the contention that a cross-examination of one's adverse party preliminary to trial ought to be allowed, our statute has not liberalized the practice to such extent. (*Lattimer* v. *Sun-Herald Corporation, supra.*) In the present case there are no special circumstances to take it out of the general rule.

The defendant urges that the proof is necessary to enable him to prepare his defense. This means that he needs the particulars of the allegations of the complaint. The Civil Practice Act (§ 247) permits him to obtain such particulars by a motion therefor, but does not authorize an examination as an alternate remedy to that given by the provisions in relation to bills of particulars.

The order should be reversed, with ten dollars costs and disbursements, and motion to vacate notice granted, with ten dollars costs.

HUBBS, P. J., CLARK, DAVIS and CROUCH JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to vacate notice granted, with ten dollars costs.