DAVID A. BROWN, Appellant, *v.* WALTER E. BEDELL, Appellant, Impleaded with MYER DAVIDOW and Others, Respondents.*

First Department, December 18, 1931.

*Abraham Benedict* of counsel [*Jenks & Rogers*, attorneys], for the plaintiff, appellant.

*Edmond B. Butler* of counsel [*Claude V. Pallister*, attorneys], for the defendant, appellant.

*David Steckler* of counsel [*Edmund B. Hennefeld* with him on the brief; *David Steckler*, attorney for Myer Davidow; *Guggenheimer, Untermyer & Marshall*, attorneys for Alexander and others; *David I. Shapiro*, attorney for Eisenberg; and *Abberley, Bryde & Appleton*, attorneys for Robertson], for the respondents.

MARTIN, J. In this action the plaintiff seeks to recover the sum of $15,277.84, with interest, from seventeen defendants, all of whom have appeared and answered. The complaint contains two causes of action. The first to recover the balance of a note for $25,000 dated September 17, 1929, payable to the plaintiff's order. This note, it is alleged, was made and issued under the authority conferred on the defendant Bedell by the other defendants in this action under the terms of an agreement of joint venture or syndicate, a copy of which is attached to the complaint.

The second cause of action, set forth in the 4th paragraph of the

* See, also, 232 App. Div. 158.

complaint, alleges that on September 17, 1929, the defendants owed the plaintiff $25,000 for money loaned and advanced by plaintiff to defendants at their request and that on that day in consideration of such indebtedness the defendants promised to pay same to plaintiff within sixty days; that the sixty days have elapsed and only $9,722.16 has been paid and a balance is due and owing in the sum of $15,277.84. The agreement is not made a part of the second cause of action.

The answer of the defendant Bedell sets forth certain denials as well as affirmative defenses of payment and accord and satisfaction. It is his contention that each of the defendants was to be liable for but one-eighteenth of the total of the $25,000 note and that he, therefore, paid in full settlement of his obligations the sum of $1,388.88, his share of the note.

The seventeen other defendants, who were the moving parties at Special Term and are the respondents on this appeal, pleaded denials of authority in Bedell to make the note in suit on their behalf, and in addition to the denials they set up three affirmative defenses to the effect that Bedell had no authority to act alone and thus bind them; that the syndicate was to terminate within sixty days and Bedell had no authority to act after that time; that the liability of each of the defendants in the syndicate was expressly limited to $5,000, which has been paid by defendants.

The respondents herein moved at Special Term to examine the defendant, appellant, Bedell with respect to the following items: (1) Whether Bedell, as chairman of the managers of the syndicate (Exhibit A-1, attached to the complaint), did not assume the management of the syndicate and its operations to the exclusion of his fellow-managers Eisenberg and Davidow; (2) whether the note in suit was executed by Bedell without the authority or knowledge of his comanagers or of the members of the syndicate; (3) whether he had power or authority to borrow money or make the note in suit; (4) whether the plaintiff had actual knowledge that the syndicate would expire as provided in the agreement and that Bedell's authority was limited by it; (5) whether the plaintiff knew that the liability of the parties was limited to $5,000; (6) whether by the payment of $5,000 and the contribution of other sums the defendants did not discharge their liability under the agreement.

The plaintiff contends that in order to establish a *prima facie* case he must prove the execution of the note in suit, its delivery, the consideration paid by him for it and non-payment. He also says that with respect to the matters upon which this examination is sought he must prove as part of his affirmative case the facts alleged in the complaint; the extension of the syndicate; the author-

ity of Bedell to make the note or obtain the loan and the liability of the defendants thereon.

It is a general rule that a party may examine another party only with respect to those matters on which he has the affirmative. In the case of *Schmitt* v. *Baptist Temple, Inc.* (227 App. Div. 647), the court reversed an order denying a motion to vacate an examination on the ground that no special facts or circumstances were shown to exist to take the case out of the general rule that an examination is allowed only in support of the applicant's own cause of action or affirmative defense.

In *O'Boyle* v. *Home Ins. Co.* (226 App. Div. 767) the court, in reversing an order directing the examination of a plaintiff before trial, said that " the matters concerning which defendant seeks to examine plaintiff are clearly part of plaintiff's affirmative case and defendant may not cross-examine him as to them in advance of the trial."

In *Sands* v. *Comerford* (211 App. Div. 406) the court reversed an order denying a motion to vacate a notice of examination of plaintiff before trial and directed that the motion be granted. In that case Mr. Justice SEARS, writing for the court, said: " Although we have repeatedly given a liberal construction to the provisions of the Civil Practice Act relating to an examination of an adverse party (*Brown* v. *Brown*, 203 App. Div. 658; *Harding* v. *Harding*, Id. 721; *Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 id. 752; *National Fire Ins. Co.* v. *Shearman*, 209 id. 538; *Bloede Co.* v. *Devine Co.*, 211 id. 180), the right to such examination is by no means unlimited. The testimony of the party sought to be obtained by deposition must be material and necessary in the prosecution or defense of the action. (Civ. Prac. Act, § 288; *Welsh* v. *Cowles Shipyard Co., Inc.*, 200 App. Div. 724.) This is the mandate of the statute. All of the subjects particularized in the notice in this case have reference to the affirmative proof which the plaintiff must produce to establish his alleged causes of action."

In *Tichnor Brothers, Inc.*, v. *Bickle* (216 App. Div. 110) the court wrote as follows: " To sustain the notice as to the matters specified in paragraphs 7 to 10 (inclusive) thereof would merely enable the plaintiff to examine or cross-examine defendant as to his defenses and counterclaims. We find nothing in this record to justify our departing from the general rule forbidding such examination."

In the case of *Lattimer* v. *Sun-Herald Corporation* (208 App. Div. 503) the court concisely stated the rule to be applied. It was there said: " The liberal interpretation we have given the statute does not, however, permit a party unlimited freedom in examination into the cause of action or defenses of the opposing party, nor

will it permit what is in effect a cross-examination of such party for the purpose of attacking his credibility. There still remains in the court a discretion to limit the scope of the examination to testimony material and necessary to a determination of the issues. (*Brown* v. *Brown, supra; Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433; *Samols* v. *Mayer,* 120 Misc. Rep. 516.) Ordinarily a defendant is not entitled to examine the plaintiff before trial concerning the issues which the latter must first establish before he can recover. (*Curtis* v. *Searles,* 206 App. Div. 287.) Nor may the defendant after setting up in his answer matter largely irrelevant, which, if untrue, would be scandalous, attempt to establish its truth by what amounts to cross-examination of the plaintiff before trial.''

The burden being on the plaintiff to prove the allegations of the complaint, the plaintiff must establish the facts upon which the defendants, respondents, seek to examine the defendant, appellant, Bedell. There is no issue between the defendants herein. The issues to be disposed of at the trial are between the plaintiff and the defendants. The defendant, appellant, Bedell is not seeking a judgment against the other defendants.

By pleading unnecessary defenses a defendant may not become entitled to an examination before trial. (*Lattimer* v. *Sun-Herald Corporation, supra.*) He cannot by such a course secure the examination of a codefendant on matters on which the plaintiff has the burden of proof. Such a practice may be helpful to a litigant, but is not in conformity with the Civil Practice Act or its purpose. The court will not permit such an indirect method of obtaining evidence to meet a plaintiff's case.

The order should be reversed, with ten dollars costs and disbursements, and the motion to examine the defendant, appellant, Bedell denied, with ten dollars costs.

FINCH, P. J., McAVOY and TOWNLEY, JJ., concur; O'MALLEY, J., concurs in result.

Order reversed, with ten dollars costs and disbursements to the appellants, and motion denied, with ten dollars costs.