Morris Kalish, Appellant, v. Louis Ewen, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

National Bank of Ridgewood in New York, Appellant, v. American Surety Company of New York, Respondent.— Order modified by providing that the production of the books, documents and papers enumerated in the order for discovery and inspection, with permission to make copies and extracts and have photographs and photostats made thereof, and the deposit thereof with the referee, be limited to the production thereof in part from time to time as called for by the defendant and as directed by the referee, who is empowered to make such direction; and that said books, documents and papers may be released in part by him from time to time when sufficient opportunity has been offered for examination, to the end that the plaintiff and its liquidator may not be unduly inconvenienced in the progress of their work; and the same rule shall be applied in respect to the calling of witnesses, with the date and hour of their attendance to be fixed by the referee. Examination to proceed on five days' notice at the place fixed in the order. The order directs a stay of the trial until thirty days after the completion of the examination. Therefore, the plaintiff may have leave to move to vacate the stay and the order of examination, or to terminate the examination at any time if it appears that the defendant is pursuing a policy of delay, having a purpose of delaying the trial; and as so modified the order is affirmed, without costs. Ordinarily the court in the exercise of discretion will not permit an examination of a party where the party seeking the examination does not have the affirmative of the issue, or where the purpose is obviously to cross-examine the adverse party before trial. (*Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503; *Sands* v. *Comerford*, 211 id. 406.) There are, however, somewhat limited exceptions to the general rule; and where to a large extent the proof of the party having the affirmative is in its nature formal and the burden of producing complete proof is cast upon the adverse party, an examination will be permitted to develop proof exclusively within the knowledge of the other party. (*Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752; *Caskie* v. *International R. Co. No. 2*, 230 id. 591.) In all cases permission to examine a party is in the sound discretion of the court, even though the person seeking examination does not have the affirmative of the issue. (*Herbage* v. *City of Utica*, 109 N. Y. 81; *Public National Bank* v. *National City Bank*, 261 id. 316; *Oshinsky* v. *Gumberg*, 188 App. Div. 23.) This discretion may be exercised in cases where it appears that the proof will consist of voluminous records and the issues will be much complicated, if it appears that an examination will greatly facilitate the trial. (*Marine Trust Co.* v. *Nuway Devices, Inc.*, supra.) No doubt it is important to the plaintiff that an early determination be made concerning the liability of the defendant on the obligation of its bonds; and there should be a speedy trial of the issues so that the depositors of the bank may be promptly paid in the course of liquidation. To that end the courts will not tolerate dilatory practice, and the defendant must conduct its examination with dispatch. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.

Margaret Griffiths Nisbet, Respondent, v. Earle R. Sheppard, Appellant. — Judgment of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.