MANUFACTURERS AND TRADERS TRUST COMPANY and Another, as Trustees under an Agreement Dated on the 8th Day of July, 1930, between CHARLES M. RAMSDELL, as " Donor " and Said MANUFACTURERS AND TRADERS TRUST COMPANY and Another, as " Trustee," Plaintiffs, v. COMMERCIAL CASUALTY INSURANCE COMPANY, Defendant.

MANUFACTURERS AND TRADERS TRUST COMPANY and Another, as Trustees under an Agreement Dated on the 8th day of July, 1930, between CHARLES M. RAMSDELL, as " Donor " and Said MANUFACTURERS AND TRADERS TRUST COMPANY and Another, as " Trustee," Plaintiffs, v. THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Erie County, July 25, 1933.

*Locke, Babcock, Hollister & Brown*, for the plaintiffs.

*Gibbons, Pottle & Pottle* [*Frank Gibbons* of counsel], for the defendants.

HINKLEY, J.   The Court of Appeals in *Public National Bank* v. *National City Bank* (261 N. Y. 316) has clarified the confusion which has heretofore existed concerning the examination of a party before trial pursuant to section 288 of the Civil Practice Act.   It is now settled that such examination rests in the sound discretion of the trial court; that it may be allowed irrespective of whether it is essential to the proof of the claim of the plaintiff or necessary to the establishment of an affirmative defense; that it may be allowed to a defendant who has interposed merely a general denial; that the general rule of the Appellate Divisions which confine the examination of a party to the occasion where it is necessary or useful in establishing the plaintiff's case or an affirmative defense

is a wise one but that it is not a rule of law nor superior to the discretion of the lower court.

The complaint herein is founded upon a policy of accident insurance upon the life of one Charles M. Ramsdell. It provides for payment in the event of the loss of life of the said Charles M. Ramsdell resulting directly, independently and exclusively of any and all other causes from bodily injury effected solely through accidental means. The answer sets forth as a separate defense " that the death was due directly and either entirely or in part to disease or infection wholly independent of any accidental bodily injury or other injury." That is in reality a separate defense distinct from a general denial even though its proof might be proper under a general denial. Clearly the burden is upon the plaintiffs to show that death was the result of accidental means and yet proof that death resulted from disease or infection must be produced and established by the defendants as an independent fact. The court, with due regard for the limitations imposed by the Appellate Division in this district and approved by the Court of Appeals, would be constrained to hold that the defendants were entitled to an examination of the plaintiff Frances McGowan Ramsdell, if she were an individual plaintiff.

There are, however, two plaintiffs in this action and they are suing in their representative capacities as trustees. The reasoning of the court in *Pardee* v. *Mutual Benefit Life Insurance Co.* (238 App. Div. 294) forbids the examination of the plaintiff Frances McGowan Ramsdell as an individual, she not having sued as an individual but in a representative capacity as one of two trustees. To determine otherwise the court must, if called upon, be consistent and yield to defendants the right to examine the officers of the other trustee, the bank, under section 289 of the Civil Practice Act, as to knowledge gained by them as individuals. To permit the defendants to examine the plaintiff Frances McGowan Ramsdell as to facts beyond the scope of her trusteeship would do violence to the controlling and authoritative reasoning and decision of the court in the case of *Pardee* v. *Mutual Benefit Life Insurance Co.* (*supra*). The question here involved is a novel one and this opinion has seemed necessary to point out clearly the basic reasons for the court's decision.

Defendants not having asked to examine the plaintiff Frances McGowan Ramsdell as to matters relating to her trusteeship, motion is denied, with ten dollars costs.