HENRY P. ANSORGE, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, First District, December 20, 1933.

*Charles H. Sterenfeld*, for the plaintiff.

*Milbank, Tweed, Hope & Webb* [*John H. Kelly* of counsel], for the defendants.

SWEEDLER, J. Plaintiff seeks to examine the defendants before trial. His complaint charges that the defendants fraudulently and deceitfully induced him to purchase a guaranteed mortgage certificate for the sum of $800. It is alleged that prior to and at the time of said purchase the defendant David Blank, an officer of the defendant Title Guarantee and Trust Company, represented that the property covered by the mortgage was a sound investment and that

the interest, taxes and water charges had been paid up to date. Thereafter, plaintiff discovered that these representations were in fact false and untrue, and thereupon elected to rescind the contract of sale. He tendered the mortgage certificate and demanded the return of his $800. The defendants rejected the tender and refused to return the money. Their answer admits that the Title Guarantee and Trust Company sold the certificate to the plaintiff and also admits the receipt of the purchase price, but denies the material allegations of fraud and deceit.

It is well-settled law that when one discovers that he has been induced to enter into a contract by fraud, he may elect to rescind the contract. "If he determines upon a rescission, he may make it by his own act, and * * * recover back all that he has parted with under the contract." (*McNaught* v. *Equitable Life Assur. Soc.*, 136 App. Div. 774.) The defendants urge that since the action is based *upon* a rescission, and not *for* a rescission, an examination before trial on the issue of fraud may not be had. It is true that the distinction presented exists in the law, but this court fails to see how it in any way affects plaintiff's right to an examination before trial. The defendants are disputing plaintiff's right to rescind. It is, therefore, quite apparent that in order for plaintiff to recover at the trial it will be absolutely essential for him to prove the falsity of defendants' representations. Under such circumstances, section 288 of the Civil Practice Act permits an examination. The only limitation is that the information sought be "material and necessary." The Court of Appeals, in *Public National Bank* v. *National City Bank* (261 N. Y. 316), has clarified the confusion which has heretofore existed. It is now settled that the granting or withholding of an examination before trial rests in the discretion of the court.

The circumstances in this case indicate that the information sought lies largely within the knowledge of the defendants. The plaintiff cannot prepare to prove that interest was not paid on the mortgage held by the defendant Title Guarantee and Trust Company, except by an examination of the defendant before trial. The same is true as to the other items sought. The examination is thus clearly necessary. The clear cut issue is whether or not the defendants made false representations. Under such circumstances, it would be an abuse of discretion not to grant the relief asked for. Plaintiff's motion is granted. Settle order fixing time and place for examination.