In the Matter of the Estate of ROMANZO W. MONTGOMERY, Deceased.

Surrogate's Court, Westchester County, October 29, 1934.

*Arthur Johns*, for the motion.

*I. Gainsburg* [*Milton Levitan* of counsel, for administrators c. t. a. of Arnold Rothstein, opposed.

SLATER, S.   The motion to vacate the notice of the examination before trial of Preston Johnson Gibson is denied.

On July 18, 1916, Gibson executed to one Arnold Rothstein, now deceased, an assignment of a one-fourth undivided interest in the trust fund created by the will of Romanzo Warwick Montgomery, deceased, for the benefit of his daughter, Leita Montgomery White, which trust recently terminated upon the death of Mrs. White. The assignment was recorded in the surrogate's office of Westchester county on July 28, 1916.   Gibson, in his objections to the account, sets forth that the estate of Arnold Rothstein has no interest in the trust fund, alleging that the assignment was obtained by Rothstein through fraud, misrepresentation, deceit and collusion by Rothstein and his agents; that said assignment by its terms is usurious; that the transaction between Rothstein and Gibson was a gambling transaction; and that no valid consideration was paid to Gibson.

The general rule has been that the applicant can have the examination only to prove his own case. (*Oshinsky* v. *Gumberg*, 188

App. Div. 23 [2d Dept.].) Justice JENKS writing for the court, said that the general rule is subject to exceptions, naming three, the *third* being: " Litigations in which a defense, unanswered and established, would destroy the plaintiff's cause of action. But in cases of this third class the examination was limited properly to avoidance and was not extended to disclosure." (*Hoffman* v. *Rothstone*, N. Y. L. J. June 20, 1930, p. 1562, LYDON, J.; *Smith* v. *Flynn*, 163 App. Div. 868 [2d Dept.].)

In *Public National Bank* v. *National City Bank* (261 N. Y. 316, 318, 320, 321 [April, 1933]) the Court of Appeals liberalized and restated the law that the court to which such application for examination before trial is addressed has the right, irrespective of the party having the burden of proof, to permit such an examination in an appropriate case. The court said (at p. 318): " The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party;" and (at p. 320): " The examination, however, is not dependent, as a matter of law, upon any such burden or upon the question who has the affirmative of proof." The higher court sustained " the *power* of the court to permit an examination of a party before trial, when material and necessary, irrespective of who has the affirmative, although, as a general rule, governing the exercise of discretion, the court will deny an application, unless the testimony be necessary to prove the claim or an affirmative defense."

In *Pardee* v. *Mutual Benefit Life Ins. Co.* (238 App. Div. 294, 298 [May, 1933]) the court said: " I am aware of the tendency of the courts to liberally construe this provision for an examination before trial, and am not unmindful of the numerous authorities, including the recent case of *Public National Bank* v. *National City Bank* (261 N. Y. 316), which hold in effect that the right to an examination before trial rests largely in the discretion of the court, and that the statute itself places no limitation upon the right to examination, except that the evidence must be material and necessary in the prosecution or defense of the action. This liberality, however, extends to the matters concerning which the examination is permitted, and not to the persons to be examined. Only such persons as are mentioned in the statute can be examined. No discretion is given to the court in that regard." ( *National Bank of Ridgewood* v. *American Surety Co.*, 239 App. Div. 853; *Brand* v. *Butts*, 242 id. 149 [July, 1934]; *Manufacturers & Traders Trust Co.* v. *Com. C. Ins. Co.*, 148 Misc. 604; *Giauque* v. *Coffey*, 152 id. 199 [July, 1934].)

The information sought must be material and necessary. (*Ansorge* v. *Title Guarantee & Trust Co.*, 149 Misc. 811; *Rubin* v. *Maryland Casualty Co.*, 150 id. 224.)

The facts in the instant case present such circumstances as warrant the court in exercising its discretion and denying the motion to vacate the notice of examination.

The examination may proceed with regard to issues (1), (2) and (3). The administrators of Rothstein are not entitled to examine Gibson as to item (4) in the notice. The examination will be limited to avoidance and will not be extended to disclosure.

Settle order on notice.