Morris Perlman, Appellant, v. New Jersey and New York Railroad Company, Respondent.— Order in so far as it directs that plaintiff submit to an examination before trial modified by eliminating therefrom items (b), (c), (e) and (f), and as so modified affirmed, without costs. Items (a) and (d) are allowed because of the special circumstances shown in the moving papers. A bill of particulars will enable the respondent to obtain certain of the facts disallowed. The examination before trial to the extent herein allowed, the physical examination and the taking of the X-ray photographs to proceed on five days' notice. Lazansky, P. J., Young and Tompkins, JJ., concur; Scudder and Davis, JJ., dissent and vote to affirm without modification, on the ground that this case represents one of the rare exceptions to the general rule that examinations will not be allowed of a party who must make proof of the particular facts as a part of his own case. Where a party in good faith makes claim that he has no knowledge of the facts constituting a cause of action or defense, the court may permit examination of the adverse party in the exercise of a sound discretion where it will tend to facilitate the trial by preventing surprise and promote the orderly development of the truth on the trial. (*Public National Bank* v. *National City Bank,* 261 N. Y. 316; *Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 App. Div. 752; *Reiss* v. *Kirkman & Son, Inc.,* 242 id. 77.) We do not favor a general extension of the rule concerning such examinations, but a limitation thereof to a state of facts where a wise and sound discretion may properly be exercised.

The People of the State of New York, Respondent, v. Max Block, Appellant.— Judgment of the County Court of Kings county convicting the appellant of the crime of manslaughter in the second degree, and order, reversed on the law, and a new trial ordered. The decedent did not say in formal words that he had abandoned hope. It was necessary that he be in that state of mind to make his statement a dying declaration. The statement of the decedent " I am dying," taken in connection with the circumstances, may and probably did indicate that he had abandoned hope of surviving his wounds. It should have been submitted to the jury, with proper instructions, as a question of fact to be determined by them as to the decedent's state of mind, so that they might consider his statement as a dying declaration, if at the time he made it he thought he was about to die and had no hope of recovery, and was making a solemn statement concerning the assault made upon him and the person who committed it; or to reject such evidence if they believed that he had not abandoned hope of living at the time he made the statement. The jury received no such instructions. It was prejudicial error to charge, " The law says that a declaration made under those circumstances is fully as solemn as one given under oath." (*People* v. *Falletto,* 202 N. Y. 494, 499, 500.) Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.