MAE JOHNSON and VICTOR JOHNSON, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— The plaintiffs are husband and wife. Plaintiff wife has recovered on the theory that she sustained personal injuries as a result of the negligence of the defendant in the operation of one of its cars, on which she was a passenger. Defendant appeals from a judgment entered on verdicts of a jury in favor of the plaintiff wife, and in favor of the plaintiff husband for the loss of his wife's services. Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event, on the ground that the verdicts are against the weight of the evidence. The plaintiff wife's claim is that as the car approached the avenue at which she wished to alight, she went forward, other passengers having preceded her, and took her position at the door, waiting for the car to stop, the doors to open and the step to be lowered. She states that the car came to a sudden and unusual stop simultaneously with which the doors flew open and she fell out. While she did not testify that the passengers who preceded her to the door left the car before she did, that is the theory of the defense; and if that theory is correct, the accident could not have happened as she said it did. Defendant's witness McDonnell, a prospective passenger, was waiting for the car at the corner. He testified that the plaintiff wife was the fourth passenger and that she stepped from the platform to the step of the car and fell from the step to the street. McDonnell's testimony is consistent with the plaintiff wife's testimony that other passengers preceded her in the car. Concededly, the motorman of the car died before the trial. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

MILTON JONES and DELLA JONES, Appellants, v. MONARCH FIRE INSURANCE COMPANY, Respondent.— Judgment for the defendant entered on the verdict of a jury in an action to recover on a "Personal Jewelry and Fur Floater" policy for an alleged loss unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

KISSENA CONTRACTING COMPANY, INC., Respondent, v. CHAS. SHAFFER & SON, INC., Appellant.— Action upon a written contract for excavating work by a subcontractor for a general contractor on a public improvement. Judgment for the plaintiff for the unpaid balance due unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

JAMES S. KNECHT and PETER N. KNECHT, Suing on Behalf of Themselves and All Other Stockholders of THE WAYNE COUNTY PRODUCE Co., Similarly Situated, Respondents, v. EDWARD F. KNECHT and THE WAYNE COUNTY PRODUCE Co., Appellants. (Appeal No. 1.) — Order reversed on the law and the facts, with ten dollars costs and disbursements to appellants, and motion granted to the extent of allowing examination of the plaintiffs before trial on the following items contained in the notice of motion of defendants dated May 26, 1936, to wit, 1, 2, 3, 4, 5, 8 and 9, and that the plaintiffs shall produce on such examination copies of the records of the defendant corporation which they have in their possession, as well as the original documents of the corporation which are now in their possession, for the purpose of refreshing their recollection and for inspection of the defendants on such examination; the examination to proceed on five days' notice at a time and place to be designated in the order to be entered hereon. (See *Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752, and *Public National Bank* v. *National City Bank*, 261 N. Y. 316.) Lazansky, P. J., Hagarty, Davis, Johnston and Adel, JJ., concur. Settle order on notice.