## In the Matter of the Estate of JACOB L. WAGENHEIM, Deceased.

Surrogate's Court, Montgomery County, September 27, 1937.

*S. Philip Cohen,* for the petitioner.

*W. Fenton Myers* [*Dudley L. Moore* of counsel], for the trustee.

AULISI, S. This motion is made for the examination of Tillie E. Wagenheim as an adverse party before trial and for discovery and inspection of documents pursuant to section 316 of the Surrogate's Court Act.

Jacob L. Wagenheim died a resident of Amsterdam, N. Y., on January 15, 1925, and his last will and testament was admitted to probate by this court. Letters testamentary were issued to **his**

widow, Tillie. E. Wagenheim, and Nathaniel Fishman, the husband of the petitioner herein. The will gives the widow a life interest in nearly the entire estate, which was appraised at $240,134.39, and upon her death the residue goes to three daughters, one of whom is the petitioner. Mrs. Wagenheim was appointed trustee by the testator to serve without bond, and upon the discharge of the executors she qualified and has been acting as trustee since February, 1933.

It is a well-established rule of law that the relief sought herein is in the discretion of the court, and, while courts have given a liberal construction to the provisions of sections 288 and 324 of the Civil Practice Act, relating to an examination of an adverse party, the right to such an examination is by no means unlimited. The testimony of the party sought to be obtained by deposition must be material and necessary in the prosecution or defense of the action. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Sands* v. *Comerford*, 211 App. Div. 406; *Matter of Smathers*, 152 Misc. 774.)

The petitioner seeks to have her mother removed as trustee. After a careful examination of the petition, answer and the other pleadings herein, I am satisfied that the matters, concerning which the examination of the trustee is sought, are largely documentary and can be obtained from the trustee's annual accounts filed with this court and by a bill of particulars.

The petitioner is not entitled to an examination as an alternate remedy to that given by the provisions in relation to bills of particulars.

I am of the opinion, however, that petitioner should be allowed to examine the books, papers, documents and records relating to the trust estate.

The personal books, papers, documents and records of the trustee should not be examined unless or until it is clearly established upon the trial that the trustee has commingled the assets of the trust estate with her own and that the evidence sought is competent, relevant, material and necessary to the issues.

Documents are not subject to inspection for the mere reason that they will be useful in supplying a clue whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 29.)

In conclusion, I, therefore, hold and decide that the trustee shall not be examined before trial; that said trustee shall produce and deposit with her attorney all books, papers, documents and records containing the transactions relating to the trust estate on or

before October 1, 1937, and that said books, papers, documents and records remain subject to inspection and copy by the petitioner, her attorney and accountant for a period of sixty days thereafter; that the inspection and copy of the stock certificates, bonds and other securities of the estate shall take place at the Montgomery County Trust Company of Amsterdam, N. Y.

The inspection and copy of said books, papers, documents and records may proceed upon five days' notice under the direction and supervision of A. Howard Burtch, Esq., attorney at law, with offices in the village of Fonda, N. Y., as referee, pursuant to rule 142 of the Rules of Civil Practice. Proceed accordingly.